UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY MARK KORBEL,

    Plaintiff,

v.                                        Case No. 2:21-cv-488-JLB-MRM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Jeffrey Mark Korbel seeks review of the Commissioner of Social Security's ("Commissioner") final decision denying his claim for disability insurance benefits and supplemental security income. (Doc. 1.) The Magistrate Judge issued a Report and Recommendation, recommending that the Court affirm the Commissioner's decision. (Doc. 25.) After an independent review of the record, the Report and Recommendation, Mr. Korbel's timely objection (Doc. 26), and the Commissioner's response (Doc. 27), the Court **OVERRULES** Mr. Korbel's objection (Doc. 26), and **ADOPTS** the Report and Recommendation (Doc. 25).

## STANDARD OF REVIEW

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

In the Social Security context, an administrative law judge's ("ALJ") decision must be "supported by substantial evidence and based on proper legal standards." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for the ALJ's. Id.

Additionally, a plaintiff must identify an "affirmative basis" for the Court to overturn an Appeals Council's decision that the submission of new evidence does not create a reasonable probability that the evidence would change the outcome of the ALJ's decision. Mitchell v. Comm'r of Soc. Sec. Admin., 771 F.3d 780, 783 (11th Cir. 2014); Medders v. Soc. Sec. Admin., Comm'r, No. 21-11702, 2022 WL 222719, at *2 (11th Cir. Jan. 26, 2022) ("When the Appeals Council states that it has considered a claimant's new evidence but found it would not affect the result, we will not second-guess that assertion absent some affirmative basis for concluding that it failed to evaluate new evidence." (internal quotation marks and citations omitted)).

## DISCUSSION

Mr. Korbel raises only one objection to the Report and Recommendation, contending that the Court should not "adopt the Magistrate Judge's finding that [the] Appeal[s] Council did not err by denying review of the ALJ's decision upon submission of the opinion of Jeffrey S. Speiden, Ph.D., HSSP." (Doc. 26 at 1.)

Specifically, he asserts that the Appeals Council was required to consider the opinion as "new, material, and chronologically relevant evidence." (Id. at 2); Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1320 (11th Cir. 2015). As both Mr. Korbel and the Magistrate Judge observe, whether the Appeals Council erred in denying review turns on whether Dr. Speiden's opinion is "material." (Doc. 26 at 2; Doc. 25 at 10.)

Evidence is material if there is a "reasonable probability" that the evidence would change the administrative result. Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1063 (11th Cir. 2021); see also Washington, 806 F.3d at 1321. "[W]hether evidence meets the new, material, and chronologically relevant standard is a question of law subject to . . . de novo review." Washington, 806 F.3d at 1321 (quotation omitted). Upon review, the Court agrees with the Magistrate Judge in finding that the Appeals Council "met its burden related to the assessment of the additional evidence." (Doc. 25 at 10.)

For some brief context, following the ALJ's denial of benefits, Mr. Korbel submitted a medical opinion from Dr. Speiden to the Appeals Council with a request for the Council to review the ALJ's decision. (Id. at 6.) Dr. Speiden opined on the extent of Mr. Korbel's posttraumatic stress disorder ("PTSD") and its effect on his ability to perform work, including that Mr. Korbel "suffered from extreme difficulties in interacting with others, marked difficulties with concentration, remembering, and remaining engaged in conversation due to heightening interpersonal anxiety, and marked difficulties with showering and eating." (Doc. 24

3

at 22 (citations omitted).)  The Appeals Council denied the request to review the ALJ's decision and found that Dr. Speiden's opinion did "not show a reasonable probability that it would change the outcome of the decision." (Doc. 18-2 at 3.)

Indeed, the ALJ determined that Mr. Korbel's PTSD was a severe impairment and evaluated the limitations of his PTSD at Steps 3 and 4 of the five-step evaluation process. (Id. at 20–27.)  Further, Dr. Speiden's opinion related to Mr. Korbel's symptoms and the effects of his PTSD, which the ALJ already considered in his decision. (Id. at 39–50.)  Contrary to Mr. Korbel's assertions, the Magistrate Judge found the opinion immaterial because the ALJ had considered other evidence similar to Dr. Speiden's opinion and determined that such evidence was not reflective of Mr. Korbel's ability to perform work-related activities. (Doc. 25 at 12–15.)

As the Commissioner observes, this distinguishes the cases Mr. Korbel relies upon.  See Lipscomb v. Comm'r of Soc. Sec., 199 F. App'x 903, 907–08 (11th Cir. 2006) (reversing where evidence was "new and noncumulative because no similar evidence was presented at the administrative hearing"); Williams v. Saul, 4:19-cv-0236-CLS, 2020 WL 362882, at *1, *4 (N.D. Ala. Jan. 21, 2020); see also Medders, 2022 WL 222719, at *2 ("[I]f the claimant submits new evidence related to an entirely new condition which could have caused the claimant's back pain, we would expect the Appeals Council to satisfactorily explain that new evidence . . . [b]ut no further explanation is necessary where the claimant presents additional evidence

4

related to a medical condition that was already considered by the ALJ." (internal quotation marks and citations omitted)).[1]

Mr. Korbel also contends that, although Dr. Speiden did not "explicitly assess whether [Mr. Korbel] met or medically equal[]ed listing 12.15" at Step 3, Dr. Speiden's opinion could have "supported more severe limitations to the extent that [Mr. Korbel] could have been found to have met listing 12.15 if it had been evaluated." (Doc. 26 at 6.)[2] However, the Appeals Council did not err in finding no reasonable probability that Dr. Speiden's opinion would have affected the outcome of the ALJ's decision in this regard. Indeed, as the Magistrate Judge correctly observed, the ALJ considered evidence of Mr. Korbel's purported issues with memory, his ability to get along with others, concentrating, persisting, or

---

[1] Additionally, Mr. Korbel appears to conflate evidence that is new and evidence that is not cumulative. (Doc. 26 at 6–7.) As Mr. Korbel previously acknowledged, Dr. Speiden's opinion was "new" evidence because it was not part of the claim file at the time of the hearing decision. (Doc. 24 at 19.) As in this case, "new" evidence can nonetheless be "cumulative." See Mitchell, 771 F.3d at 785.

[2] To meet the requirements of a listing, a claimant must "have a medically determinable impairment(s) that satisfies all of the criteria in the listing." 20 C.F.R. § 404.1525(d). In addition to a diagnosis included in the listings, a claimant "must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002). "If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments, symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment." Id. (citing 20 C.F.R. § 404.1526(a)).

As noted by the Magistrate Judge, to meet paragraph B of Listing 12.15 at issue here, a claimant must prove an extreme limitation of one or marked limitation of two of these criteria: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.15.

maintaining pace, and adapting and managing himself.  (Doc. 25 at 12–15.)  Dr. Speiden's opinion was also cumulative of evidence that would have related to any additional or "more severe" limitations.  (Id. at 15; Doc. 26 at 4.)

In summary, the Court agrees with the Magistrate Judge that there is no affirmative basis to conclude that the Appeals Council failed to properly evaluate new, material, and chronologically relevant evidence, or that there is a reasonable probability that the evidence would have changed the administrative result.

Accordingly, it is **ORDERED**:

1. Plaintiff's objection to the Magistrate Judge's Report and Recommendation (Doc. 26) is **OVERRULED**.

2. The Report and Recommendation (Doc. 25) is **ADOPTED** and made part of this Order.

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending deadlines and motions, and close the file.

**ORDERED** in Fort Myers, Florida, on August 17, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE